**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Stevens, ) | No. CV-05-1987-PCT-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Mohave County, et al., ) | |
| Defendants. ) | |

The court has before it defendants' motion for partial summary judgment (doc. 35), plaintiff's response and alternative motion to continue under Rule 56(f), Fed. R. Civ. P. (doc. 46), and defendants' amended reply (doc. 57).

**I**

Plaintiff was arrested by defendant Mohave County Sheriff's Deputy Ron Weber on October 29, 2003, following a 911 domestic disturbance call from plaintiff's wife, Sharon Tatum. Plaintiff was subsequently charged with three counts of misdemeanor domestic violence. On December 10, 2003, plaintiff was arrested for suspected violation of a protective order. No charges related to this second arrest were filed.

On July 9, 2004, a jury found plaintiff not guilty of all charges stemming from the October 29, 2003 arrest. On December 30, 2004, plaintiff filed notices of claims pursuant to A.R.S. § 12-821.01(A), and an initial complaint on July 7, 2005, against Mohave County,

Mohave County prosecutors Troy Messer and Keith Evans, Mohave County Sheriff's Deputy Ron Weber, Mohave County Justice of the Peace John Taylor (collectively "county defendants"), and Sharon Tatum, alleging conspiracy to interfere with civil rights, deprivation of civil rights, false arrest, false imprisonment, malicious prosecution, abuse of process, and negligence. Plaintiff contends that sheriff's deputy Ron Weber arrested and detained him without probable cause on October 29 and December 10, 2003; that Justice of the Peace John Taylor improperly issued a protective order in favor of Tatum without disclosing a significant conflict of interest; and that county prosecutors Troy Messer and Keith Evans improperly instituted, investigated, and conducted criminal proceedings against him.

## II

County defendants contend that all claims against Judge Taylor and prosecutors Messer and Evans should be dismissed pursuant to the doctrine of absolute immunity. First, we note that the county defendants are sued in their official capacities only. In all respects other than name, an official capacity suit is treated as a suit against the entity. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55 (1978).[1] To establish official-capacity liability under 42 U.S.C. § 1983, a plaintiff must show that "the entity itself is a 'moving force' behind the deprivation [of a civil right]." Kentucky v. Graham, 473 U.S.

---

[1]Because a suit against a municipal officer in his official capacity is the functional equivalent of a direct suit against a municipality, suits against the individual defendants in their official capacities are duplicative and should be dismissed. See, e.g., Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (concluding that "[t]o keep both the City and the officers sued in their official capacity as defendants . . . would have been redundant and possibly confusing to the jury"). Accordingly, we dismiss the § 1983 claims against the individual county defendants. See generally Hafer v. Melo, 502 U.S. 21, 112 S. Ct. 358 (1991).

We recently denied plaintiff's motion to amend the complaint to assert claims against defendants in their individual capacities, concluding that after two years of litigation, defendants would be prejudiced by such an amendment (doc. 62). We note that if Taylor, Messer and Evans had been sued in their individual capacities, they would be absolutely immune from § 1983 liability.

1  159, 166, 105 S. Ct. 3099, 3105 (1985). Thus, "in an official-capacity suit the entity's 'policy
2  or custom' must have played a part in the violation of federal law." Id. Because the liability
3  of the entity itself is at issue, and not that of its officers, the defenses of qualified and
4  absolute immunity do not apply. Id. at 167, 105 S. Ct. at 3106; Brandon v. Holt, 469 U.S.
5  464, 472-73, 105 S. Ct. 873, 878 (1985). Here, because the § 1983 claims are asserted
6  against the county defendants in their official capacities only (and for that reason will be
7  dismissed), absolute immunity would not have arisen.

8  But absolute immunity is a valid defense to the state law tort claims. The doctrine of
9  judicial immunity protects judges and certain court officers from claims related to the
10  performance of functions "intimately related to" the judicial process. Acevedo v. Pima Cty.
11  Adult Probation, 142 Ariz. 319, 321, 690 P.2d 38, 40 (1984). The doctrine has been applied
12  to insulate judges from charges of erroneous acts or irregular action, even when it is alleged
13  that such action was driven by malicious or corrupt motives. See Forrester v. White, 484
14  U.S. 219, 227-28, 108 S. Ct. 538, 544 (1988). Here, all of plaintiff's allegations involving
15  defendant Taylor are centered on the claim that Taylor issued a protective order in favor of
16  Sharon Tatum, notwithstanding their personal relationship. Because these acts are intimately
17  related to the judicial process, they are subject to the doctrine of absolute judicial immunity.
18  Therefore, we grant defendants' motion to dismiss all state law claims against defendant
19  Taylor.[2]

20  Similarly, prosecutors are accorded absolute immunity for acts intimately associated
21  with the judicial process. Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939 (1991);
22  State v. Superior Court, 186 Ariz. 294, 297, 921 P.2d 697, 700 (Ct. App. 1996). "[I]n
23  initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil
24  suits for damages." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 996 (1976).
25  Plaintiff's state law claims are based on allegations that Messer and Evans made the decision

---

[2]This, of course, is without prejudice to the right of any person to file a complaint against Taylor for misconduct before the Arizona Commission on Judicial Conduct.

- 3 -

1  to file the criminal complaint, prosecuted the case in "an aggressive manner," attempted to
2  gain access to irrelevant financial records during discovery, threatened to charge plaintiff
3  with perjury, intimidated witnesses, and conducted improper cross-examination during trial.
4  These allegations are all within the prosecutorial function, and accordingly claims arising
5  from such allegations are precluded by the doctrine of prosecutorial immunity.[3]

6  We reject plaintiff's Rule 56(f), Fed. R. Civ. P., motion for continuance to conduct
7  additional discovery in order to demonstrate that Taylor, Messer, or Evans acted outside their
8  judicial or prosecutorial roles.  In order to support a Rule 56(f) motion, a plaintiff "must
9  identify by affidavit the specific facts that further discovery would reveal, and explain why
10 those facts would preclude summary judgment." Tatum v. City & County of San Francisco,
11 441 F.3d 1090, 1100 (9th Cir. 2006).  Plaintiff and his counsel submitted affidavits only
12 speculating as to what additional discovery might show.  Mere speculation, however, is an
13 insufficient basis for a continuance under Rule 56(f). Apache Survival Coalition v. United
14 States, 21 F.3d 895, 911 n.17 (9th Cir. 1994).  Accordingly, plaintiff's Rule 56(f) motion is
15 denied (doc. 46).

**III**

17 As an alternative basis for summary judgment, county defendants argue that the false
18 arrest, false imprisonment, and negligence claims are barred because plaintiff failed to
19 comply with the notice requirement of A.R.S. § 12-821.01(A), and the one-year statute of
20 limitations set forth in A.R.S. § 12-821.  Under § 12-821.01(A), a plaintiff with a claim
21 against a public entity or public employee must first file a notice of claim with the person
22 authorized to accept service on behalf of that entity or employee within 180 days after the

---

[3]Plaintiff also alleges that Messer and Evans prepared false petitions upon which the October 30 and November 17, 2003 orders of protection were based.  Although it does not appear that preparation of such petitions falls within the prosecutorial function, thereby qualifying for immunity protection, claims arising from these allegations are nevertheless barred for plaintiff's failure to satisfy the notice requirement of A.R.S. § 12-821.01(A), and the one-year statute of limitations set forth in A.R.S. § 12-821.  See discussion at section III, infra.

1  cause of action accrues. If a party fails to comply with the notice requirement, the claim is
2  barred. Martineau v. Maricopa County, 207 Ariz. 332, 334, 86 P.3d 912, 914 (Ct. App.
3  2004) (compliance with the notice provision is a "mandatory and essential prerequisite").
4  Section 12-821 imposes a one-year statute of limitations on any action against a public entity
5  or employee. The relevant time period under both statutes begins to run on the date the cause
6  of action accrues.

7        A cause of action for false imprisonment or false arrest "accrue[s] of necessity" on the
8  date of the arrest. Hansen v. Stoll, 130 Ariz. 454, 460, 636 P.2d 1236, 1242 (Ct. App. 1981);
9  Rondelli v. County of Pima, 120 Ariz. 483, 485, 586 P.2d 1295, 1297 (Ct. App. 1978).
10 Therefore, plaintiff's claims for false arrest and false imprisonment accrued at the time he
11 was arrested on October 29, 2003 and December 10, 2003. Because he did not serve the
12 notice of claim until December 30, 2004, and did not file the complaint until July 7, 2005,
13 his false arrest and false imprisonment claims are barred by both A.R.S. §§ 12-821.01(A) and
14 12-821.

15       County defendants also argue that plaintiff's negligence claim is barred for failure to
16 comply with A.R.S. §§ 12-821.01(A) and 12-821. Although the defendants characterize the
17 negligence claim as arising solely out of the October and December arrests, plaintiff contends
18 that the negligence claim is based on a continuing course of conduct up to and including his
19 criminal trial. Response at 10; Complaint ¶¶ 81-84. To the extent plaintiff's negligence
20 claim is asserted against Deputy Weber based on the October and December arrests, it is
21 barred by plaintiff's failure to comply with the notice requirement and statute of limitations,
22 as discussed above. Similarly, defendant Judge Taylor recused himself on November 19,
23 2003, Response at 6, and is not alleged to have had further involvement in plaintiff's case.
24 Therefore, any negligence claim against Taylor is also barred, not only by the doctrine of
25 absolute immunity, as previously discussed, but also pursuant to A.R.S. §§ 12-821.01(A) and
26 12-821.

27       To the extent the negligence claim is asserted against defendant prosecutors Messer
28 and Evans, any alleged action that occurred outside the notice period (i.e., prior to June 30,

1   2004) cannot serve as the basis of a negligence claim, including the allegation that Messer
2   and Evans prepared false petitions in support of the October 30 and November 17, 2003
3   orders of protection.  Because we have already concluded that all other allegations against
4   Messer and Evans fall within their prosecutorial function, the negligence claim against
5   Messer and Evans is dismissed in its entirety.

## IV

7   In Count I of his complaint, plaintiff asserts that county defendants conspired to
8   deprive him of his civil rights in violation of unspecified state and federal laws.  Complaint
9   ¶¶ 50-55.  County defendants contend that plaintiff's conspiracy claim must be dismissed
10  because it fails to assert that plaintiff is within a protected class as required by 42 U.S.C. §§
11  1985(3) and 1986.  We agree.  To the extent the conspiracy claim is based on §§ 1985(3) or
12  1986, plaintiff has failed to allege that he is "a member of a class that requires special federal
13  assistance in protecting its civil rights."  McCalden v. California Library Ass'n, 955 F.2d
14  1214, 1223 (9th Cir. 1990).  Therefore, any conspiracy claim under 42 U.S.C. § 1985(3) is
15  dismissed.

## V

17  Finally, county defendants contend that plaintiff cannot recover punitive damages
18  under either state or federal law.  Municipalities are immune from punitive damages under
19  § 1983.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748,
20  2762 (1981).  Additionally, a "suit against a governmental officer in his official capacity is
21  equivalent to a suit against the governmental entity itself."  Larez v. City of Los Angeles, 946
22  F.2d 630, 646 (9th Cir. 1991).  Therefore, any claim for punitive damages pursuant to § 1983
23  against either Mohave County or the county defendants is dismissed.

24  Plaintiff argues, however, that the state tort punitive damages claims must go forward
25  to the extent he can show that these individuals acted outside the scope of their employment.
26  Under A.R.S. § 12-820.04, "[n]either a public entity nor a public employee acting within the
27  scope of his employment is liable for punitive or exemplary damages."  We have already
28  concluded that plaintiff has failed to establish a genuine issue of fact showing that Taylor,

1 | Messer or Evans acted outside the scope of their employment. Accordingly, the state tort
2 | punitive damages claim must be dismissed.

### VI

**IT IS THEREFORE ORDERED GRANTING** defendants' motion for partial summary judgment (doc. 35). **IT IS FURTHER ORDERED DENYING** plaintiff's motion for continuance under Rule 56(f), Fed. R. Civ. P. (doc. 46).

For clarity, all that remains of this case is the § 1983 claim against Mohave County and claims against Tatum.

DATED this 26th day of September, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge